# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### DOCKET NO. 3:07-CV-00454-FDW
### (3:93-CR-124-FDW-1)

| | |
|---|---|
| DONALD RAY BARBER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

THIS MATTER comes now before the Court upon Petitioner's Motion to Reduce Sentence (Doc. No. 388, Case No. 3:93-CR-124; Doc. No. 1, Case No. 3:07-CV-454). As an initial matter, the Court notes that Petitioner's Motion to Reduce Sentence is in fact a renewed motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Therefore, the Court will construe it as such and the Clerk has opened a new civil case. For the following reasons, Petitioner's renewed § 2255 motion is DENIED.

Petitioner was convicted of conspiracy to possess with intent to distribute cocain in violation of 21 U.S.C. §§ 841(a)(1), 846 on October 12, 1994. He was sentenced to life in prison on February 2, 1995. Petitioner appealed both his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, where his appeal was denied on May 5, 1997. On May 1, 2000, Petitioner filed a motion in this Court pursuant to 28 U.S.C. § 2255, attacking his conviction and sentence under various theories. (Doc. No. 359, Case No. 3:93-CR-124.) This Court denied Petitioner's Motion for both substantive and procedural reasons on January 8, 2001. (Doc. No. 371, Case No.

3:93-CR-124.)  After this Court denied Petitioner's motion, he appealed to the Fourth Circuit.  (Doc. No. 373, Case No. 3:93-CR-124.)  His appeal was denied by the Fourth Circuit on September 25, 2001.  (Doc. No. 377, Case No. 3:93-CR-124.)

Now, more than six years later, Petitioner has brought a motion before this Court seeking a reduction in his sentence under various constitutional and procedural theories.  Petitioner urges the Court to not dismiss his motion for procedural reasons because he is "actually innocent."  However, the fact is that Petitioner's renewed § 2255 motion is both successive and time-barred.  Under 28 U.S.C. § 2255, "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . . ."  Petitioner has not certified this successive § 2255 motion with the United States Court of Appeals for the Fourth Circuit and this Court is therefore without jurisdiction to entertain it.  In addition, Petitioner's motion is barred by the one-year statute of limitations provision found within § 2255.

Finally, the Court feels it necessary to point out the obvious: that Petitioner has been provided with every possible opportunity our legal system has to provide.  He has been tried and convicted by a jury of his peers, at which trial he was provided counsel paid for by the United States taxpayer.  He exercised the right of appeal and his appeal was considered and denied by the United States Court of Appeals for the Fourth Circuit.  Petitioner then moved this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  After that motion was denied, his appeal was once again heard by the Fourth Circuit, and was once again denied.  Even if this Court were able to consider Petitioner's successive and time-barred § 2255 motion, it would not be moved by Petitioner's current claims of actual innocence.

For the foregoing reasons, Petitioner's Motion to Reduce Sentence is DENIED.

IT IS SO ORDERED.                Signed: October 25, 2007

Frank D. Whitney
United States District Judge